# Higby, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Railroad police—Trespassing on cars—Acts of May* 24, 1878, *P. L.* 125, *and June* 11, 1879, *P. L.* 152.

Under the Acts of May 24, 1878, P. L. 125, and June 11, 1879, P. L. 152, a special police officer in the service of a railroad company acts within the scope of his authority in arresting without a warrant a person who had been a trespasser on a railroad car, who has jumped off the car and is in the act of escaping.

*Negligence—Joint tort feasors—Nonsuit—Practice, C. P.*

Where suit is brought against a railroad company and a special police officer in its service, as joint tort feasors, to recover damages for injuries sustained by the act of the officer in shooting the plaintiff while the latter was escaping from a car on which he had trespassed, and a nonsuit is entered as to the railroad company on the ground that the officer was not acting within the scope of his authority, and judgment is entered against the officer, the Supreme Court on appeal by plaintiff cannot on account of the condition of the record, reverse the judgment of nonsuit, although it is of the opinion that the officer was acting within the scope of his authority.

Argued May 2, 1904.    Appeal, No. 30, Jan. T., 1904, by plaintiffs, from order of C. P. Warren Co., March T., 1903, No. 10, refusing to take off nonsuit in case of N. S. Higby and Charles A. Higby v. Pennsylvania Railroad Company and John Gallagher.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before LINDSEY, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*J. W. Dunkle*, with him *G. B. Munn*, for appellant.—The master is liable for the wilful and tortious acts of his servant if done within the scope of his employment : Brennan v. Merchant & Co., 205 Pa. 258 ; Phila. Traction Co. v. Orbann, 119 Pa. 37 ; McClung v. Dearborne, 134 Pa. 396 ; Haehl v. Wabash R. R. Co., 119 Mo. 325 (24 S. W. Repr. 737).

The above principle applies in cases of assault and battery committed by the servant within the scope of his employment: McClung v. Dearborne, 134 Pa. 396 ; Moore v. Fitchburg R. R. Co., 70 Mass. 465 ; Hewett v. Swift, 85 Mass. 420.

A railroad company is not exempt from responsibility to persons who are trespassing on their cars for injury arising from its negligence or tortious acts committed by servants within the scope of their employment: Enright v. R. R. Co., 198 Pa. 166; Biddle v. Ry. Co., 112 Pa. 551; Arnold v. Penna. R. R. Co., 115 Pa. 135; Sioux City, etc., R. R. Co. v. Stout, 84 U. S. 657; Barre v. Reading City Pass. Ry. Co., 155 Pa. 170; Rounds v. R. R. Co., 64 N. Y. 129.

The employment of detectives and police officers naturally involves the right to use force: Duggan v. Baltimore & Ohio R. R. Co., 159 Pa. 248.

*J. Ross Thompson,* of *J. Ross Thompson & Son,* for appellee. —The servant of the master cannot bind the master to respond in damages to the plaintiff unless it be shown that the act which the servant did, which caused the injury, was an act expressly or by necessary implication within the line of his duty under his employment: Haller v. Sanford Ross Co., 13 Am. Neg. Reports, 150; Guille v. Campbell, 200 Pa. 119; Golden v. Newbrand, 52 Iowa, 59 (2 N. W. Repr. 537); Belt Ry. Co. v. Banicki, 102 Ill. App. 642.

Where the act of the servant does not fairly tend to effectuate the discharge of the duty for which he is employed, the master is not liable: Guille v. Campbell, 200 Pa. 119; Enright v. R. R. Co., 198 Pa. 166.

The plaintiff elected to proceed against Gallagher, one of the defendants to a verdict as against him for the sum of $2,400. We contend that it is too late to go back as against the appellee and seek to recover a verdict against this defendant.

If the appellants desired to hold the appellee we think the proper practice would have been when the compulsory nonsuit was granted to have asked leave to withdraw a juror, continue the case as to Gallagher and taken an appeal as to the Pennsylvania Railroad Company.

OPINION BY MR. JUSTICE BROWN, June 15, 1904:

Charles A. Higby, one of the appellants and a minor son of the other, with six or eight companions, was trespassing on a freight train belonging to the Pennsylvania Railroad Company. When it stopped at a station called Hemlock the boys jumped

off, young Higby being the last to do so. They started to run up the track, evidently apprehensive of arrest by John Gallagher, a special police officer in the service of the railroad company. When young Higby started to run some one hallooed to him. Turning around to see who it was, he was shot by Gallagher. The latter, called by the plaintiff, as if on cross-examination, admitted that he was following Higby to arrest him. A compulsory nonsuit was entered as to the Pennsylvania Railroad Company, on the ground that Gallagher was not acting within the scope of his employment when he tried to arrest Higby. The trial proceeded and a verdict was returned against Gallagher for $400 in favor of the father and $2,000 in favor of the boy.

In entering the judgment of nonsuit and refusing to take it off, the learned trial judge held that, as the boy was not actually on the train, or getting on it, when the officer attempted to make the arrest, he had no authority to do so, and was, therefore, acting beyond the scope of his employment, which confined him to what he was authorized to do by the act of assembly.

The first section of the Act of May 24, 1878, P. L. 125, as amended by the Act of June 11, 1879, P. L. 152, provides, " that any person found entering, or being in or upon, any railroad engine or car, whether the same be passenger, freight, coal or other car, on any railroad in any city or county in this commonwealth, contrary to the rules of the person, or persons or corporations owning or operating the same, and with the intention of being in or upon, riding or traveling upon, such engine or car, without paying fare, or of committing larceny," etc., shall, upon a summary conviction before a magistrate, be subjected to certain penalties. The second section directs that " any constable or police officer, having knowledge or being notified of any violation of this act, shall forthwith arrest such offender and take him before any magistrate, alderman or justice of the peace, or any such magistrate, alderman or justice of the peace shall issue a warrant or capias for the arrest of any such offender, upon information duly made on oath or affirmation," and thereupon there shall be a proper hearing.

Found entering or being in or upon an engine or car with the intention of not paying fare, or of doing one of the things specified in the act, is the offense for which the trespasser can

be arrested and punished. When he commits it he is not exempt from apprehension and punishment simply because he is not detected and taken by the officer while in the actual commission of it. When the offense is committed any constable or police officer having knowledge of it, or having been notified of it, may do one of two things. He may, without a warrant, proceed forthwith to arrest the offender while in the commission or after the commission of the act, and take him before a magistrate; or he may first go and procure his. warrant, if, under the circumstances, such be the wiser course. Unless there was this alternative to arrest without a warrant, in most cases the offenders, generally tramps, would be far away from the scenes of their trespasses and depredations before they could be apprehended, and the act would be a dead letter. Literally read, however, it cannot have the interpretation put upon it by the court below, that it gives constables and police officers authority to make arrests without a warrant " only when the person is found in the act of violating the statute." Even if it is to be so interpreted, Higby manifestly was found in the act of violating the statute when he and his companions jumped from the train and started to run away from the officer who tried to arrest them. Nothing could be clearer than the statutory authority of Gallagher to pursue and arrest him after he left the train, and that officer was, therefore, acting within the scope of his employment by the appellee when he attempted to apprehend the appellant. Though he was acting within that scope in trying to make the arrest, we need not decide whether, under the circumstances, his conduct in shooting was such as would make the appellee liable under the rule respondeat superior, for, as this record stands, the judgment of nonsuit cannot be reversed and a procedendo awarded.

The plaintiffs brought their joint action against the Pennsylvania Railroad Company, the master, and John Gallagher, its servant, as joint tort feasors. Whether such an action can be maintained is not the question now before us. We only know from the record that the plaintiffs are attempting to hold the two defendants jointly. When the judgment of nonsuit was entered against the one, they elected to proceed against the other and obtained a verdict, giving the father $400 and the

son $2,000. If the defendants are jointly liable in this joint action against them, the same jury must pass upon their liability, and there can be but one verdict on which judgment can be entered against them. If the nonsuit as to the appellee was properly entered, it cannot be disturbed; and if, on the other hand, improperly entered, on the ground that there was no liability on the part of that defendant, if we reverse the judgment refusing to take it off, how can we award a procedendo? In this joint action the plaintiffs now have one verdict, which neither they nor the defendant ask to have disturbed, and they cannot have another in it. If there should be further proceedings directed against the appellee, which, if liable at all in this action, is jointly so with its codefendant, what might the verdict be against it? It is hardly conceivable that it would be the same in amount as the one rendered against Gallagher, and, if different, the record would present the spectacle of a joint suit against two alleged joint tort feasors, jointly liable to the plaintiffs for but one sum, and yet there would be different judgments for different amounts against these same joint defendants. To avoid the anomalous record that would follow a reversal of this judgment, it will not be disturbed.

Judgment affirmed.