### DRENNEN v. HEARD et al.

### HEARD et al. v. DRENNEN.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1914.)

#### No. 2557.

1. EQUITY (§ 65*)—OBTAINING ADVANTAGE FROM OWN WRONG.

Where, under a will, a certain legatee forfeited her interest as legatee by taking legal steps to set the will aside, one who encouraged and approved such legatee's contest of the will, if she did not directly advise it, would not be given relief in equity based entirely on such legatee's forfeiture of her interest.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 185–187; Dec. Dig. § 65.*]

2. EVIDENCE (§ 589*)—CONSTRUCTION OF TESTIMONY OF PARTY.

The testimony of plaintiff as a witness in her own behalf should be construed most strongly against her.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. § 589.*]

Appeal and Cross-Appeal from the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Suit by Miriam Drennen against Frank A. Heard and another, executors of W. L. Tillman, deceased. From the decree (198 Fed. 414), plaintiff appeals, and defendants file cross-appeal. Affirmed.

William A. Wimbish, of Atlanta, Ga., and T. T. Miller, of Columbus, Ga. (Wimbish & Ellis, of Atlanta, Ga., on the brief), for appellant and cross-appellee.

A. W. Cozart, T. Leslie Bowden, and H. C. McCutchen, all of Columbus, Ga.; and Spencer R. Atkinson, of Atlanta, Ga., for appellees and cross-appellants.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

SHELBY, Circuit Judge. We have concluded that the decree in this case is right, and that it should be affirmed, both on the appeal and the cross-appeal.

[1] The only claim made by the bill which we deem it necessary to notice is that Mrs. Hattie Tillman lost her interest under her husband's will by taking unsuccessful steps to set the will aside.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Conceding, but not deciding, that appellant's contention is well founded, that the caveat filed by Mrs. Hattie Tillman against the admission to record of the will, although it was withdrawn by consent, constituted "legal steps to set aside" the will, within the meaning of the fourteenth item, we are of the opinion that there are facts in the record which would sustain the decree notwithstanding such concession.

[2] It appears to us that the appellant—the plaintiff below—advised and encouraged Mrs. Hattie Tillman to contest 'the will. Construing the plaintiff's evidence, as given as a witness for herself, most strongly against her, as it should be construed (Clark Thread Co. v. Willimantic Linen Co., 140 U. S. 481, 488, 11 Sup. Ct. 846, 35 L. Ed. 521), it seems that she admitted, rather than denied, that the contest had her sanction and approval, if not her active encouragement. While she denies that she ever "directly advised" Mrs. Tillman to contest the will, we cannot avoid the conclusion, from her deposition, that the contest was encouraged and approved by her. The testimony of Mrs. W. B. Butt, R. E. Clements, and Mrs. Hattie Tillman, while in some parts denying the fact, tends, we think, strongly to show that the plaintiff encouraged and approved the contest. Having instigated and encouraged the contest—a step that, according to her contention, revokes the bequests to Mrs. Hattie Tillman—she cannot come into court and reap benefits from the fact of such contest. If she advised or encouraged Mrs. Hattie Tillman to take steps in the unsuccessful contest of the will that would cause the revocation of bequests to Mrs. Tillman, she should not be permitted in equity to profit by her advice. In this aspect of the case, the right of the plaintiff to relief is based entirely on the averment that Mrs. Tillman forfeited her interest as legatee by an alleged wrongful violation of the terms of the will in taking steps to set it aside. We are of the opinion that the plaintiff cannot be permitted in equity to profit by such contest, when it appears that she sanctioned, approved or advised it. 1 Pomeroy's Eq. Jur. (3d Ed.) §§ 397–404.

So we conclude, that, if appellant's chief contention is well founded—that there was such a contest as constituted "legal steps" and a forfeiture under the will—the plaintiff cannot reap any benefit from it.

Decree affirmed.