## Kentucky Fluorspar Company v. Pierce, et al.

(Decided December 15, 1922.)

### Appeal from Crittenden Circuit Court.

1.  Landlord and Tenant—Tenancy from Year to Year.—A tenancy for a term of five years may at the end of the term be converted into a tenancy from year to year under section 2295, Kentucky Statutes.

2.  Landlord and Tenant—Tenancy from Year to Year.—Where a lessee by contract has a tenancy for five years, and at the end of the term holds over for 90 days or more, he is entitled to hold the premises for a year from the time of the expiration of the original lease, and so from year to year until the landlord institutes proper proceedings to oust the tenant, and this may continue from year to year until the tenant abandons the premises, is turned out of possession or makes a new contract.

3.  Mines and Minerals—Lease.—Where the lessee of mineral lands agrees to pay a specified royalty per ton and is granted a lease for five years, and thereafter, with the landlord's consent, continues to operate the lease, being a tenant from year to year, he is bound for the royalty according to the original agreement and no more. Until by contract the rate of royalty is changed the tenant as well as the landlord is bound by the terms of the original lease, for if the landlord desires to terminate the lease he may do so according to the terms of the statutes; but if he fails to do so it will be presumed that the royalties originally fixed in the contract are satisfactory.

C. S. NUNN and C. W. ALLEN for appellant.

JOHN A. MOORE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A full statement of the facts out of which this and the former action sprang may be found in the opinion styled Kentucky Flourspar Company v. Pierce, et al., 184 Ky. 573. That opinion affirmed the judgment of the lower court directing a sale of the jointly owned mineral lands and a division of the proceeds arising from the sale as the interest of the several joint owners were made to appear. Neither party has sought to have that judgment carried out by a sale.

The first action was by a joint owner of real property against his co-owner for a sale of the joint property and a division of the proceeds as the interests of each owner might be made to appear. That was a very different action from this. By this action the plaintiffs, now appellees, are seeking to recover alleged past due royalties. In the former opinion in the discussion of the question of whether lands upon which a mineral lease existed could be divided among the co-owners, or sold at the suit of one co-owner against the others for a division of the proceeds, we adverted to other subjects relative to the

operation of the mines, and which questions were not then before this court and on which we expressly reserved our opinion. The question of royalties was not then before the court nor was the extent or termination of the lease. After the first opinion in this case was handed down, including the clause with respect to the reasonable royalty on fluorspar in that district, the lessor brought this action against the lessee to recover royalty at the rate of six dollars per ton for all fluorspar mined and sold from the leased premises since the bringing of the first action in 1917, and appellees recovered in the lower court a judgment for $1,262.53 for their third. The company appeals, insisting that it should pay only the royalty stipulated in the original lease, which is fifty cents per ton.

Undoubtedly this tenancy, which was originally for more than one year, had been converted into one from year to year from and after the term expired. If that be true then section 2295, Kentucky Statutes, covers the case. It reads:

"If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If, without such contract, the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety days after said day, and the possession may be recovered without demand or notice, if proceedings are instituted within that time. But if proceedings are not instituted by that time then none shall be allowed until the expiration of one year from the day the term or tenancy expired; and at the end of said year the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year, until he abandons the premises, is turned out of possession, or makes a new contract."

This section has been applied to cases somewhat like the one under consideration. Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Depot Lunch Room, 190 Ky. 121; Klein v. Auto Parcel Delivery Company, 192 Ky. 583. Applying that statute to the situation we have here, the lessee should have abandoned the premises at the end of the five year period unless by express con-

tract it secured the right to remain longer. If, however, without such contract it held over for ninety days without being ejected from the premises, or suit instituted for that purpose, it acquired a right to remain upon the premises under the same terms and conditions as are expressed in the original contract for a year from the time of the expiration of the contract. While there is something said in the former opinion indicating a different view, the court did not pass upon the question but expressly reserved it. The giving of notice as provided in section 2326, Kentucky Statutes, has no application to the case at bar. The notice there required related to tenants for less than one year. This notice must be given in such case before forcible detainer proceedings will lie, whereas no such notice is required under section 2295, Kentucky Statutes. At the end of the year the tenant is in the same position he was at the end of his original term, and if he continues to occupy the premises and no proceedings are instituted against him for the purpose of removing him therefrom for ninety days, then he acquires the right to remain there for another year, and so on from year to year until he abandons the premises, is turned out of possession or makes a new contract. In as much as appellant did not abandon the premises, was not turned out of possession and did not make a new contract from the end of his original lease in 1906 until after this action was not only instituted but tried, the company was a tenant for more than a year holding over with no right to remain until the expiration of ninety days from the commencement of a new year, but after ninety days passed was vested with a right to remain upon the premises under the same terms and conditions contained in the original contract. If, as appears to be true, the lessors have not sought by any legal method to eject the appellant company in the way named in said section 2295, then the appellee is the tenant of the lessor and entitled to take and remove the fluorspar at the same price and on the same terms and conditions as were provided in the original lease.

For the reasons indicated the judgment must be reversed for proceedings consistent with this opinion.

Judgment reversed.