### Ayers' Administrator, et al. v. Ayers, et al.

(Decided January 15, 1926.)

### Appeal from Allen Circuit Court.

1. Forfeitures—Forfeitures Not Favored.—Forfeitures are not favored in the law, and will not be enforced when they can be avoided.

2. Wills—Devisees Held Not to Have Forfeited Rights Under Will by Mere Preparation of Contest.—Devisees held not to have forfeited devise under will, assuming that clause providing that. "If any of my children try to break this will they get nothing," was valid, by merely preparing an appeal from order of county court probating will and filing it, where no trial was ever had.

3. Appeal and Error—Any Error in Finding of Chancellor that Each of Devisees was Entitled to Legacy of $500 Under Will Held Not to Require Reversal.—Any error in chancellor's finding that each of five devisees was entitled to legacy of $500 under will, in that testator's estate was only $2,000.00 held not to require a reversal, where unpaid note against defendants, with interest due thereon, if constituting entire estate, would only lack a few dollars of being sufficient to pay such judgments.

N. F. HARPER for appellants.

W. D. GILLIAM for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The five appellees, whom we will call plaintiffs, recovered a judgment against the appellants, whom we will

call the defendants. In 1916, Edward L. Ayers and his wife, conveyed to the defendants 151 acres of land, and subsequently conveyed to them another tract of 10 acres. In 1921, these grantors died, and shortly thereafter the will of Edward L. Ayers was probated. By the terms of this will, Edward L. Ayers left $500.00 to each of the five appellees. The will contained this provision:

"My son, Clint, has also had his part in the homestead and there is an agreement between myself and son, Clint, he having entered into a contract to care for me and my wife during our natural life for the remainder of my estate, giving us decent and comfortable maintenance during our lives. I wish my children to settle my estate between themselves without cost and they are to have two years to wind up the estate, if needed. If any of my children try to break this, they get nothing."

The appellees appealed to the circuit court from the order probating this will, and also began a suit in equity in the circuit court to cancel these deeds. In this equity suit they were successful in the trial court, and after succeeding in the equity suit, they dismissed their will contest. The defendants appealed to this court, and in an opinion to be found in 200 Ky. 547, 255 S. W. 110, this court reversed the judgment of the trial court, and upheld the deeds. Nothing was done for some time, but in April, 1924, the plaintiffs having asked the defendants to pay them the $500.00 each which their father had willed to them, and payment having been refused, began this suit against the defendants, in which each of the plaintiffs asked a judgment for $500.00, alleging that the defendants had received all the estate of Edward L. Ayers and had appropriated same to their own use. The defendants answered, and denied almost everything in the petition. Their chief defense was rested upon this clause of the will: "If any of my children try to break this, they get nothing."

After the case had been heard, the court rendered a judgment in favor of each of the plaintiffs for $500.00, from which this appeal is prosecuted and of which the defendants are complaining. They insist that by filing an appeal to contest this will, the plaintiffs have forfeited the bequests made to them. The law never favors forfeitures, and never enforces them when it can be avoided.

Assuming, but not deciding, that this clause in the will is valid, and treating it as valid, but not determining it to be so, we can not say that by merely preparing an appeal from the order of the county court probating this will and filing it, the plaintiffs have forfeited what was devised to them under the will. The plaintiffs merely prepared to contest this will. No trial was ever had. All they did was to get ready to contest it, but it was never contested.

The defendants' next contention is that the court adjudged to each of the plaintiffs $500.00 while the whole estate left by Edward L. Ayers was only $2,000.00. We can not know, as well as the chancellor, just how much estate was left by Edward L. Ayers, but we do know that one note against defendants for $2,000.00 is unpaid; that several years' interest is due upon it, and if that was the whole estate, it would only lack a few dollars of being sufficient to pay these judgments. If that was error, it was not of sufficient importance to warrant a reversal of the chancellor's finding.

The judgment is affirmed.