**In re ESTATE of Zack T. BRIGHT.**

Supreme Court of Tennessee.

June 5, 1972.

---

E. Michael Ellis, Knoxville, for heirs of Zack T. Bright.

Myron Ray Ely, Knoxville, for heirs of Jessie Lee Womack Bright.

OPINION

McCANLESS, Justice.

Zack T. Bright and Jessie Lee Womack Bright were married in February, 1940. Each had been married previously and each had children by the former marriage. They had no children by this marriage.

On July 19, 1952, Mr. and Mrs. Bright executed identical wills, each leaving all his property to his respective spouse, and James E. O'Connor and W. A. Carpenter were the attesting witnesses to both wills.

Jessie Lee Womack Bright died on October 15, 1970, leaving three children surviving her. Zack T. Bright died on November 2, 1970, leaving two children and a grandchild surviving him. Neither had changed his will and Zack T. Bright had not been physically capable of changing his will after his wife had died.

John Edward Womack, representing himself and the other children of Jessie Lee Womack Bright, presented to the County Court a petition by which he sought to probate both wills. He contended that he and those he represented were the beneficiaries of both estates. The children and grandchild of Zack T. Bright answered, denying that the children of Jessie Lee Bright had any interest in either estate and contended that John Edward Womack should not be allowed to probate either will.

The County Judge heard the matter, ordered that both wills be admitted to probate, and appointed John Edward Womack administrator with the will annexed of both estates, conditioned upon his entering into bond in each estate.

The children and grandchild of Zack T. Bright appealed to the Circuit Court which found that the will of Zack T. Bright was mutual and strictly reciprocal with the will of Jessie Lee Womack Bright, that it was the intent of the testators to have only one will take effect, that being the will of the first to die, thus vesting all property in the

survivor. The court, therefore, adjudged that the will of Zack T. Bright should not be admitted to probate and that the entire estate of both Jessie Lee Womack Bright and Zack T. Bright passed to the heirs of Zack T. Bright in accordance with the statutes of descent and distribution.

In the Circuit Court the parties stipulated all the facts and the children of Jessie Lee Womack Bright have perfected their appeal in the nature of a writ of error to the Supreme Court.

The heirs of Jessie Lee Bright contend that by reason of the terms of Section 32–306, T.C.A., the property devised and bequeathed to their mother by the will of Zack T. Bright passed to them. That Section is as follows:

"Whenever the devisee or legatee to whom, or any member of a class to which, an immediate devise or bequest is made, dies before the testator, or is dead at the making of the will, leaving issue which survives the testator, said issue shall take the estate or interest devised or bequeathed which the devisee or legatee or the member of the class, as the case may be, would have taken, had he survived the testator, unless a different disposition thereof is made or required by the will."

The Zack T. Bright heirs contend that the two wills were mutual and reciprocal and that the property of Jessie Lee Bright passed to her husband under the terms of her will, and that upon the death of Jessie Lee Bright her will became the only will of the parties and the will of Zack T. Bright thereupon became ineffective.

In Church of Christ Home for Aged, Inc. v. Nashville Trust Co., 184 Tenn. 629, 202 S.W.2d 178 (1947), the court in considering mutual and reciprocal wills, in the words of Mr. Justice A. B. Neil, said:

"While there are many cases holding that a contract to execute mutual wills cannot be determined alone by the contents of the wills, especially where there

is no reference in said wills to such a contract, there are cases where the mutual or reciprocal wills in and of themselves furnish ample evidence of such a contract. In Harris v. Morgan, 157 Tenn. 140, 7 S.W.2d 53, the Court gave due consideration to the contents of four mutual wills as proof of the agreement, as shown by the following comment (at page 154 of 157 Tenn., at page 57 of 7 S.W.2d): 'The four wills bearing the same date, each disposing of property to the survivors, and with the direction that such property be divided at the death of the survivor among the same persons, *negative any conclusion but that they were executed pursuant to a joint compact or agreement*, and that each was executed in consideration of the execution of the other three. No parol evidence would, therefore, be necessary to establish the fact of the compact or agreement.' (Italics ours.)

"Where, as in the instant case, the wills are identical in language, witnessed by the same persons, at the same time and place, and the contracting parties are husband and wife, it is well nigh conclusive that such wills were executed in accordance with their mutual contract to dispose of their property in this manner."

See also Seat v. Seat, 172 Tenn. 618, 113 S.W.2d 751 (1937).

In this case, therefore, we are bound by the presumption that exists in such cases that Mr. and Mrs. Bright executed their wills "in accordance with their mutual contract to dispose of their property in this manner."

In Maurer v. Johansson, 223 Iowa 1102, 274 N.W. 99 (1937), the Supreme Court of Iowa said:

"Mutual wills are those which are executed pursuant to an agreement or compact between two or more persons to dispose of their property in a particular manner, each in consideration of the other. Such wills, if they contain no provi-

sions for third persons, constitute a single will and is the will of the first to die, and has no further existence as the will of the survivor."

In this case the court held that the Iowa anti-lapse statute—similar to Section 32–306, T.C.A.—did not operate to raise the presumption that the testator intends his devise to go to the heirs of the devisee in case the devisee predeceases him, unless the will shows a contrary intent.

In Wilson v. Starbuck, 116 W.Va. 554, 182 S.E. 539 (1935), the Supreme Court of West Virginia said:

"The authorities seem to be in agreement on the proposition that where one party to a contract to make mutual wills has fully performed the undertaking and has died, the contract is enforceable in equity against the estate of the survivor."

In American Jurisprudence, Wills, Section 737, the following statement appears which we adopt as the applicable law in Tennessee:

"Statutes have been enacted in many jurisdictions designed to prevent, under certain circumstances, the application of the rule that a bequest lapses upon the death of the donee occurring prior to the death of the testator by providing that in such contingency, the heirs or issue of the deceased donee shall take in the absence of testator's intention to the contrary. An important question presented in several cases concerns the application of such a statute in a case involving wills which are reciprocal in their bequests. The question ordinarily arises where the wills are those of husband and wife and one of the spouses has died leaving his entire estate to the other. The question is whether upon the death of the latter, the heirs of the former will take the entire estate under the statute as the heirs of a donee whose death has preceded that of the testator. According to some authorities, mutual wills, that is to say wills executed pursuant to an agreement or compact between the testators by which each testator bequeathed his property to the other, making no provision for a third person either absolute or conditioned upon the death of both testators in a common disaster, constitute in effect a single will, being the will of the first to die, and has no existence as the will of the surviving testator."

The wills of Jessie Lee Bright and of Zack T. Bright were mutual and reciprocal, executed in accordance with their contract, and the will of Jessie Lee Bright, the first to die, became the only will of the parties.

We affirm the judgment of the Circuit Court.

DYER, C. J., CHATTIN and CRESON, JJ., and JENKINS, Special Judge, concur.