*254 OPINION OF THE COURT
C. Raymond Radigan, J.
This is an application by the surviving spouse of the decedent for an advance payment of her elective share pursuant to SCPA 2102 (5) and for an order providing for immediate possession of certain real property.
By stipulation dated July 25, 1986, the parties provided for payment of $2,500 monthly to the spouse for 12 months, subject to the outcome of a pending appeal of an order regarding her elective share. The question of possession of the Florida property and the additional issue concerning disclosure of the petitioner’s address were submitted for decision.
The decedent, John Stiehler, died on July 29, 1984, survived by his wife and three adult children by a prior marriage. The nominated executor petitioned for probate of an instrument dated May 16, 1973, and a codicil dated September 8, 1982. The codicil provides in part:
"Being that my lovely wife, Dorothy, likes so very much my home in Florida which is located at, 2016 N.E. 25th Street, Wilton Manors, and which we both enjoyed so very much together, that she is hereby given at my direction, the right and privilege to live in that house as long as she shall live, or unless she shall marry again.
"Being that I have been most generous to her, this right and privilege shall be withdrawn and abrogated if she should contest my last will and testament with it’s [sic] several codicils. These several added codicils are all for her benefit.”
On January 2, 1985, the spouse filed objections to probate of both the will and codicil. She subsequently filed amended objections along with a cross petition for probate of an alleged codicil dated July 24, 1984, in the event that the prior documents were admitted to probate. The July 24, 1984 instrument granted a life estate to the spouse without the inclusion of an in terrorem clause and without any limitation concerning remarriage.
The spouse ultimately withdrew her objections and consented to probate of the May 26, 1973 will and September 8, 1982 codicil but reserved the right to petition for probate of the instrument dated July 24, 1984. She thereafter withdrew the petition for probate of the later instrument. The will and September 8, 1982 codicil were admitted to probate by decree dated June 16, 1986 and letters testamentary issued to Richard E. Stiehler. The court’s file does not indicate any property *255 settlement to the spouse in exchange for the withdrawal of the objections to probate or the petition for probate of the 1984 instrument.
In the instant proceeding, the spouse requests a determination that she is entitled to possession of and income from the Florida property. The executor contends that the spouse violated the no-contest provision of the codicil and thereby forfeited her interest in the real property. The residuary beneficiaries of the estate, who would benefit from a forfeiture, are on notice of this proceeding.
The first issue to be addressed is whether the spouse violated the in terrorem clause by filing objections to the two instruments which were subsequently admitted to probate. As in any construction proceeding, the court must attempt to ascertain the testator’s intention (Matter of Fabbri, 2 NY2d 236).
Here, it is apparent that the testator had great affection for his wife and wished her to have the use and enjoyment of the Florida property. At the same time, he wanted to provide for the children of his first marriage. When the testator used the word "contest”, did he intend that his wife forfeit her interest in the property if she filed and subsequently withdrew objections to probate prior to trial?
The problem of the interpretation of the words "contest”, "attack”, "oppose” and their equivalents in this context, has been addressed by the courts in New York and other jurisdictions with disparate results (see, 19 SW LJ 722; 49 Colum L Rev 320; Ann., 23 ALR4th 369 [1983]; Ann., 49 ALR2d 198 [1956]).
In some cases it was found that a "contest” meant legal opposition "pressed home to trial”. In others the mere filing of objections constituted a contest and in some cases the critical stage was the withdrawal of objections pursuant to a stipulation of settlement.
Thus, in Sheffield v Scott (662 SW2d 674 [Tex]), the filing of objections was found not to be a contest. In Ayers’ Administrator v Ayers (212 Ky 400, 279 SW 647), an appeal from a probate decree, which appeal was subsequently withdrawn, did not amount to a contest (see also, Drennen v Heard, 198 F 414, affd 211 F 335).
It has been held that the filing of objections subsequently withdrawn is a contest, where the objectant has accomplished his purpose to the extent of taking a portion of the estate *256 pursuant to a compromise and settlement (Matter of Hite, 155 Cal 436, 101 P 443; Matter of Simson, 123 NJ Eq 388, 196 A 451).
In some cases, the filing of objections has resulted in a forfeiture where the objections were withdrawn and the will probated (without any compromise agreement) (Estate of Fuller, 143 Cal App 2d 820, 300 P2d 342; see, Restatement of Property § 428).
In New York, the Appellate Division, First Department, found in Matter of Arrowsmith (162 App Div 623, affd 213 NY 704) that a beneficiary who challenged the validity of a will but subsequently acquiesced in dismissal of the pleadings would have forfeited a bequest but for the failure of the testator to provide a gift over. The Court of Appeals, in affirming the lower court decision, did not address this aspect of the case but concluded that a forfeiture had not taken place because of the failure of a gift over.
In Matter of Bratt (10 Misc 491) it was determined that the filing of objections did not result in a forfeiture where the objections were subsequently abandoned. The same result was reached in Matter of Cronin (143 Misc 559, affd 237 App Div 856) which is a Second Department case (but see, Matter of Pasternack, 52 Misc 2d 413). In Matter of Cronin, the lower court observed: "Objections serve as a notice — a caveat that the legatee does not like the will. The contest comes at the other end, when the court and jury are reached and the will is actually put in jeopardy * * * Racing, regattas, polo, wrestling, boxing, athletics — each is a contest in the act itself. Getting ready for these events is a gesture leading up to the real event. The contest is on when the opportunity is given to the contestant to become a winner” (Matter of Cronin, 143 Misc, at pp 568, 569).
The language employed in the instant case is similar to that employed in Matter of Cronin. The facts are similar in that the gift in question is to a person who is a natural object of the testator’s bounty (cf. Matter of Hite, supra).
A reasonable interpretation of the clause in the instrument before the court is that the testator would not have wanted the filing of objections, subsequently withdrawn, to trigger a forfeiture. This is consistent with the general rule that forfeiture clauses must be strictly construed (Matter of Alexander, 90 Misc 2d 482).
The executor points out that EPTL 3-3.5 exempts certain *257 conduct from the operation of an in terrorem, clause and the filing of objections is not included in the statute. It does not necessarily follow, however, that in every case the filing of objections will result in a forfeiture. The exclusion of the filing of objections in EPTL 3-3.5 indicates that the Legislature chose not to protect that particular conduct from the operation of an in terrorem clause. Where a testator includes such a provision, the provision is enforceable. Whether or not such an intention is expressed in a particular will must be determined on an individual basis.
The executor does not contend that the spouse forfeited her interest by offering a later (July 24, 1984) instrument for probate. The court notes, however, that where a beneficiary offers a later instrument for probate, with probable cause, there is no forfeiture (EPTL 3-3.5 [b] [1]). In this case, there was never any finding that the later instrument was not valid nor was there proof of an absence of probable cause.
For all of the foregoing reasons, the court concludes that the spouse did not forfeit her interest in the property located at 2016 N.E. 25th Street, Fort Lauderdale, Florida.
The final issue to be addressed is the disclosure of the spouse’s address. The executor had demanded the address of the surviving spouse in a "cross motion”. However, no prior written demand was made pursuant to CPLR 3118 nor does the motion meet the requirements of CPLR 2214. The proper procedure would be for the executor to make a demand pursuant to CPLR 3118 and if the demand is not complied with to move to compel disclosure under CPLR 3124 (3A Weinstein-Korn-Miller, NY Civ Prac jj 3118.02). At this point the court need not address the additional defenses to disclosure which are raised by the spouse.
Accordingly, the court finds that the surviving spouse is entitled to a life estate in the property located at 2016 N.E. 25th Street, Fort Lauderdale, Florida, with a limitation that it terminate on remarriage. The request for an order directing disclosure of the petitioner’s address is denied without prejudice to a renewed application.