William A. WINNINGHAM, Executor of
the Estate of Alston Winningham,
Plaintiff–Appellant,

v.

Tammy K. WINNINGHAM,
Defendant–Appellee.

Supreme Court of Tennessee,
at Knoxville.

March 30, 1998.

Harry D. Sabine, Sabine & Douglas, P.C., Crossville, for Plaintiff–Appellant.

John R. Officer, Livingston, for Defendant–Appellee.

## OPINION

LYLE REID, Special Justice.

This is a suit to enforce the provision in a will which forbade contest upon penalty of forfeiture. The trial court declared a forfeiture; the Court of Appeals remanded the case for further proof. This Court finds that the trial court erred and holds that the circumstances found by the trial court do not justify a forfeiture under Tennessee law. The suit is accordingly dismissed.

### I

In 1981, the testator, Alston Winningham, and his wife, Reba Winningham, executed mutual reciprocal wills, in which they named their two children, the plaintiff, William A. Winningham and the defendant, Tammy K. Winningham, as substantially equal beneficiaries under the survivor's will. Reba Winningham died in 1986 and her will was probated. Thereafter, Alston Winningham executed a new will, in which the portion of the estate devised to Tammy K. Winningham was reduced substantially to the benefit of William A. Winningham and his daughter. This will was executed on March 12, 1992, and the testator, who was terminally ill at the time, died four months later. The will contains the following provision:

> If any beneficiary hereunder shall contest the probate or validity of this will or any provision thereof, or shall institute or join in any proceeding to contest the validity of this will or to prevent any provision thereof from being carried out in accordance with its term (regardless of whether such proceedings are instituted in good faith and with probable cause), then all benefits provided for such beneficiary are revoked and such benefits shall pass to the residuary beneficiaries of this will.... Each benefit conferred herein is made on the condition precedent that the beneficiary shall accept and agree to all of the provisions of this will and the provisions of this Article are an essential part of each and every benefit.

The case before the Court is the third suit filed in connection with the testator's estate. The first suit was filed by William A. Cunningham, as executor. In that suit, he sought the correction of several errors in the will regarding the identification of the testator's property. As an example of the errors in the will corrected in that case, one devised tract of land was identified as being the property conveyed by deed recorded in Deed Book 80, page 136 and Deed Book 71, page 459, while the tract intended was that described in Deed Book 307, page 398.

Tammy K. Winningham discussed with an attorney the advisability of filing a suit to contest the will. The attorney advised that, in his opinion, there were no grounds on which the will could be successfully contested. However, the attorney told Ms. Winningham that her father's 1981 will could not be revoked after her mother's death. Relying upon this advice, Ms. Winningham authorized the attorney to file suit to have the 1981 will declared to be the testator's last will and testament. The complaint charged, "Decedent did not have the right to dispose of all of the above property, in that he had made a joint and mutual will with his wife, Reba Winningham, on February 13, 1981." The suit did not allege that the testator was incompetent to make a will in 1992, or that he was unduly influenced in making the will, or that the will was not properly executed.

A short time after the suit was filed, Ms. Winningham's attorney advised her that he had been mistaken regarding the law, and he recommended that the suit be dismissed immediately. The attorney's original advice to file the suit was based upon his understanding of the state of the law prior to the enactment of Tenn.Code Ann. § 32–3–107[1] in

---

1. **Contracts to make or revoke wills.**—(a) A contract to make a will or devise, or not to revoke a will or devise, or to die intestate can be established only by:

    (1) Provisions of a will stating material provisions of the contract;

    (2) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or

    (3) A writing signed by the decedent evidencing the contract.

(b) The execution of a joint will or mutual wills does not create a presumption of a con-

1978, some 15 years earlier. Prior to the enactment of that statute, the execution of reciprocal wills by a husband and wife raised the presumption that the wills had been executed pursuant to an agreement.

> "Where ... the wills are identical in language, witnessed by the same persons, at the same time and place, and the contracting parties are husband and wife, it is will nigh conclusive that such wills were executed in accordance with their mutual contract to dispose of their property in this manner."

*In Re Estate of Bright,* 482 S.W.2d 555, 556 (Tenn.1972), *cert. denied,* 409 U.S. 915, 93 S.Ct. 237, 34 L.Ed.2d 177 (1972) (quoting *Church of Christ Home for Aged, Inc. v. Nashville Trust Co.,* 184 Tenn. 629, 202 S.W.2d 178 (1947)). The record shows that Ms. Winningham's counsel, prior to advising her to file the suit, made no investigation regarding the status of the law on that point and became aware of the statute while discussing another case with an attorney. The suit was dismissed approximately three weeks after it was filed.

The instant suit, an action to enforce the forfeiture provision in the will, was also filed by William A. Winningham. In this case, he asserts his interest as a residuary beneficiary under the will. The trial court found the suit was filed in good faith but without probable cause and declared that the forfeiture provision should be enforced. The Court of Appeals, in a divided opinion, held that the good faith reliance upon the advice of counsel may establish probable cause for initiating a will contest provided the advice follows full and fair disclosure of all material facts. The Court of Appeals remanded the case for proof regarding the sufficiency of the disclosure. The dissenting judge would enforce the clearly stated intent of the testator and affirm the trial court's declaration of a forfeiture.

## II

■ The general issue presented is the extent to which a forfeiture provision conditioned upon a contest of the will or any

tract to make a will, or to refrain from revoking a will.

provision therein is enforceable. The prohibition in this case goes beyond a contest of the due execution of the will and includes any contest of the validity or implementation of any provision in the will. "Each benefit conferred herein is made on the condition precedent that the beneficiary shall accept and agree to all of the provisions of this will...." The prohibition extends to proceedings "instituted in good faith and with probable cause." The forfeiture provision of the will is unambiguous and unequivocal. The intent expressed in the forfeiture provision is clear. Under the law, that intent is of paramount importance. "The cardinal rule for interpreting and construing a last will and testament is the ascertainment of the intent of the testator. That intent, when known, will be given effect unless prohibited by some rule of law or public policy." *In Re Walker,* 849 S.W.2d 766, 768 (Tenn.1993); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn.1991). So, the clear intent of the testator will govern unless it is "prohibited by some rule of law or public policy." *Id.*

The plaintiff points to other jurisdictions which hold that forfeiture clauses shall be enforced without exception and represented in oral argument that the majority of jurisdictions follow that rule. *See Commerce Trust Co. v. Weed,* 318 S.W.2d 289, 301–302 (Mo.1958); *In re Howard's Estate,* 68 Cal. App.2d 9, 155 P.2d 841, 842 (1945). Though perhaps historically correct, it is questionable whether the majority of jurisdictions still enforce forfeitures where the contest is brought in good faith and with probable cause. One Court has stated that "a majority of jurisdictions have declined to enforce *in terrorem* clauses where challenges to testamentary instruments are brought in good faith and with probable cause." *See Haynes v. First Nat'l State Bk. of N.J.,* 87 N.J. 163, 432 A.2d 890, 903–904 (1981) (and cases cited therein). That Court notes that New Jersey, along with fourteen other states, has adopted the Uniform Probate Code § 3–905, 8II U.L.A. 272 (1998) which provides, "A provision in a will purporting to penalize any interested person for contesting the will or instituting

Tenn.Code Ann. § 32–3–107 (1984).

other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings." *See also* Restatement (Second) of Property, Donative Transfers § 9.1 (1983) (forfeiture clause valid "unless there was probable cause for making the contest or attack"); Annotation, *Validity and Enforceability of Provision of Will or Trust Instrument for Forfeiture or Reduction of Share of Contesting Beneficiary,* 23 A.L.R.4th 369, 376–81 (1983). The conclusion is, that the jurisdictions are split as to the enforceability of a forfeiture clause in the face of probable cause for contesting the will, but there is strong support for an exception for good faith and probable cause. *See* Claudia G. Catalano, Annotation, *What Constitutes Contest or Attempt to Defeat Will Within Provision Thereof Forfeiting Share of Contesting Beneficiary,* 3 A.L.R. 5th, 590 (1992).

■ This Court has recognized that a forfeiture provision in a will is not void as against public policy. *Tate v. Camp,* 147 Tenn. 137, 149, 245 S.W. 839, 842 (1922); *Thompson v. Gaut,* 82 Tenn. 310, 314 (1884). However, it has been the rule since *Tate v. Camp,* that a forfeiture provision will not be enforced where a contest is pursued "in good faith and upon probable cause." After considering decisions from other jurisdictions, the Court in *Tate v. Camp* approved the following from *South Norwalk Trust Co. v. St. John,* 92 Conn. 168, 101 A. 961, 963 (1917), "'Where the contest has not been made in good faith, and upon probable cause and reasonable justification, the forfeiture should be given full operative effect. Where the contrary appears, the legatee ought not to forfeit his legacy.'" *Tate v. Camp,* 147 Tenn. at 155–56, 245 S.W. at 844. In *Tate v. Camp,* the will provided:

> [I]f any person or persons to whom I have herein made bequests shall enter any contest of this will, upon any ground whatsoever, such person or persons shall forfeit and lose the provision made for them, and what they would have taken shall fall back to my estate and pass under the residuary clause of this will.

*Id.* at 140, 245 S.W. 839, 245 S.W. at 839. The will in that case was contested by the sole surviving son of the testator on several grounds, including undue influence by the testator's niece and great nephew, who had lived with the testator for the seven years prior to his death and who were the major beneficiaries under the later will. The suit also charged that the testator was not mentally competent at the time the will was executed, and, further, that in consideration of his working for his father's company for the last 20 years for a nominal salary, he was "by agreement to heir ... the whole of his [father's] property." *Id.* at 144, 245 S.W. at 841. In a will executed two years earlier, the testator had given all of his substantial estate to his son except total bequests of $25,000 to the niece and great nephew and $5,000 to charity. While the case was pending, the parties reached a settlement in which a large portion of the estate was transferred from the niece and great nephew to the son. The contest proceeding was dismissed. The executor then filed the petition to determine if the son had forfeited his interest under the will.

The Court in *Tate v. Camp* rejected the line of cases supporting the forfeiture rule without admitting any exceptions, finding that the reasoning in cases that make an exception "announces a more equitable and just rule, and one that meets with our approval." *Id.* at 149, 245 S.W. at 842.

> "The better rule, however, seems to us to be that the penalty of forfeiture of the gift or devise ought not to be imposed when it clearly appears that the contest to have the will set aside was justified under the circumstances, and was not a mere vexatious act of a disappointed child or next of kin. A different rule—an unbending one— that in no case shall an unsuccessful contestant of a will escape the penalty of forfeiture of the interest given him, would sometimes not only work manifest injustice, but accomplish results that no rational testator would ever contemplate."

*Id.* at 151–52, 245 S.W. at 843 (quoting *In re Friend,* 209 Pa. 442, 58 A. 853, 854 (1904)). The Court supported its decision with the following:

> "The exception that a contest for which there is a reasonable ground will not work

a forfeiture, stands upon better ground. It is quite likely true that the authorities of greater number refuse to accept this exception, but we think it has behind it the better reason. It rests upon a sound public policy. The law prescribes who may make a will and how it shall be made; that it must be executed in a named mode, by a person having testamentary capacity and acting freely, and not under undue influence. . . . Courts cannot know whether a will, good on its face, was made in conformity to statutory requirements, whether the testator was of sound mind, and whether the will was the product of undue influence, unless these matters are presented in court. . . ."

*Id.* at 154–55, 245 S.W. 839, 245 S.W. at 844 (quoting *South Norwalk Trust Co. v. St. John,* 101 A. at 963).

■ In this state, a testator cannot eliminate the good faith and reasonable justification exception even by specific language. As stated in *Tate v. Camp,* " 'Courts exist to ascertain the truth and to apply the law to it in any given situation; and a right of devolution which enables a testator to shut the door of truth and prevent the observance of the law, is a mistaken public policy.' " *Id.*

### III

■ In the case before the Court, the record supports the trial court's finding that the suit was filed by Ms. Winningham in good faith. The previous will had divided the property equally between the plaintiff and the defendant. The defendant testified that she believed that her father lacked mental capacity at the time he wrote the later will. The 1992 will, which decreases her share in the estate, was written just months before the testator's death from cancer and while he was receiving debilitating medical treatment. Furthermore, there were significant errors in the will regarding the property owned by the testator. Additionally, there was the legal theory, though outdated, for invalidating the effectiveness of the 1992 will. As soon as the attorney advised the defendant of his error, the petition was withdrawn. The plaintiff presented no evidence of bad faith. Filing

the suit was not "a mere vexatious act" but was based on honest conviction.

The remaining issue is whether there was probable cause or reasonable justification to file the suit. The trial court held that "a lawsuit based on a mistake of law is a lawsuit without probable cause" and the "client is bound by his agent," the attorney. The Court of Appeals did not accept that conclusion. The defendant insists that reliance upon her lawyer's advice satisfies the second requirement for exemption from forfeiture. The plaintiff insists the lawyer's erroneous advice is not sufficient to justify the contest.

As indicated above, the Court in *Tate v. Camp,* found that a contest will not work a forfeiture where there is, in addition to good faith, probable cause and reasonable grounds for instituting the suit. In *Woolard v. Ferrell,* 26 Tenn.App. 197, 169 S.W.2d 134 (1942), the Court of Appeals applied reasoning from malicious prosecution law to analyze the issue of probable cause to contest a will with a forfeiture clause. That court quoted from a treatise on malicious prosecution, stating,

[T]he law as to reasonable or probable cause is defined to be such a state of facts in the mind of the prosecutor as would lead a person of ordinary caution and prudence to believe, or entertain an honest or strong suspicion, that the person is guilty. It does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. . . . The question of probable cause applies to the nature of the suit, and the point of inquiry is whether the defendant had probable cause to maintain the particular suit upon the existing facts known to him.

*Id.* at 137. More recently, this Court has defined the existence of probable cause in the context of a malicious prosecution suit as being independent of the subjective mental state of the prosecutor, requiring "only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime charged." *Roberts v. Federal Express Corp.,* 842 S.W.2d 246, 248 (Tenn.1992).

■ Even though this requirement for exemption from forfeiture is usually dis-

cussed in the language of "probable cause" with reliance on malicious prosecution decisions, "reasonable ground" or "reasonable justification" is the more appropriate characterization of the standard to be applied. While the advice of counsel may constitute probable cause in cases of malicious prosecution,[2] it will not defeat a forfeiture unless the suit to contest the will was reasonably justified under all of the circumstances. As stated in *In Re Friend's Estate*, 209 Pa. 442, 58 A. 853, 857 (1903), ". . . if the mere advice of counsel can be regarded as probable cause for instituting proceedings to contest a will, there would be none without cause, and in every instance such a [forfeiture] clause as the testatrix inserted in hers would be nugatory." The essential point is that the contestant must show that under all the circumstances the contest was reasonably justified.

■ Although there are significant circumstances to the contrary, the Court finds that, on balance, there was reasonable justification for Ms. Winningham's decision to file the suit, the purpose of which was to establish the testator's 1981 will as his last will and testament. Many of the facts which show that Ms. Winningham acted in good faith also demonstrate that there was reasonable justification for the action taken. Ms. Winningham felt that she was entitled to an inheritance equal to that of her brother as provided in her parents' reciprocal wills written while both parents were living. She also could reasonably believe, as she testified, that her father's faculties had become impaired by disease and treatment when the 1992 will was executed. Nevertheless, when advised there was no basis on which the 1992 will could be successfully contested, she discontinued any plans or efforts to attack the later will.

The initiative to enforce the provisions of her father's 1981 will with legal proceedings was taken by her counsel, whose legal knowledge she apparently had no reason to question. Based on counsel's statement, the law would give her what she thought was her just and fair due. Had the law been in 1992 what it was prior to 1978, there would have been no reason not to file suit. Under these circumstances, justice does not require that Ms. Winningham bear full responsibility for her lawyer's performance.

■ Also relevant to this issue is the nature of the suit and its duration. The nature of the suit filed is not free from ambiguity. The complaint is styled "Complaint to Attest Will" and states that it is filed "pursuant to Tenn.Code Ann. § 32–4–101 to contest that certain will of Alston Winningham, dated March 12, 1992." The complaint prays that "the matter be certified to the circuit court for a trial on the issue of *devisavit vel non*." However, allegations in the complaint suggest that it is not a will contest but a suit for specific performance of a contract between Mr. and Mrs. Winningham to make mutual wills. The complaint states, "Decedent did not have the right to dispose of all of the above property, in that he had made a joint and mutual will with his wife, Reba Winningham, on February 13, 1981." Of course, a suit for specific performance is not a will contest and would be filed in chancery court. *Church of Christ Home for Aged v. Nashville Trust Co.*, 184 Tenn. 629, 202 S.W.2d 178 (1947). Though the point is not made on behalf of Ms. Winningham, there is authority that a suit to enforce a contract to make mutual wills is not a contest that will precipitate a forfeiture. *See* 3 A.L.R. 5th at 702. There also is authority, though not asserted, that because the complaint was dismissed without any further proceedings, it did not constitute a contest. *See e.g. Drennen v. Heard*, 198 F. 414, 429–30 (N.D.Ga.), *aff'd*, 211 F. 335 (5th Cir.1914); *Matter of Estate of Stiehler*, 133 Misc.2d 253, 506 N.Y.S.2d 845, 847–48 (1986); *In Re Cronin's Will*, 143 Misc. 559, 257 N.Y.S. 496, 509 (1932), *aff'd*, 143 Misc. 559, 261 N.Y.S. 936 (1932); *Ayers v. Ayers*, 212 Ky. 400, 279 S.W. 647, 648 (1926); 3 A.L.R. 5th at 629–30. It also could be argued that the plaintiff, by filing suit to correct errors in the will, instituted a proceeding, "to prevent any provision thereof from being carried out in accordance with its term" and, thereby, forfeited his interest in the estate also, if the forfeiture provision should be given the technical construction

2. *Cooper v. Flemming*, 114 Tenn. 40, 84 S.W.     801, 802 (1904).

insisted upon by the plaintiff. In any event, the suit came to naught. It was dismissed without expense or prejudice to the administration of the estate or any beneficiary.

The suit, accordingly, is dismissed. This case is remanded to the trial court for the enforcement of the judgment and the assessment of costs.

Costs are taxed to William A. Winningham.

ANDERSON, C.J., and DROWOTA, BIRCH and HOLDER, JJ., concur.