J. F. S. THOMPSON, Administrator, etc., *v.* JOHN M. GAUT, Executor, *et al.*

1. WILLS. *Technical words.* Technical words, taken in their technical sense as contradistinguished from their popular meaning, will not be allowed to defeat the intention of the testator to be gathered from the whole instrument.

2. SAME. *Forfeiture by contest.* A provision of a will, that "if any of the parties to whom I have made bequests attempt to break my will they shall forfeit the bequests made to them," is not null and void because contrary to public policy or any constitutional provision, but the same will be enforced, both as to personal and real property.

FROM MAURY.

Appeal from the Chancery Court at Columbia. W. S. FLEMING, Ch.

W. J. WEBSTER, COOPER & STOCKELL and G. P. FRIERSON for complainants.

JNO. M. GAUT, PILCHER & WEAVER, JNO. H. HAR-
RIS, G. T. HUGHES, J. L. JONES, H. T. GORDON and
WILKES & BULLOCK for defendants.

WILSON, Sp. J., delivered the opinion of the court.

The facts in the record in this case raising the
questions at issue are undisputed, and briefly stated,
are these:

Mrs. Michael Thompson, a resident of Maury county,
Tennessee, in 1865, executed and published her last
will and testament. By it she disposed of her entire
estate. In 1867, she made and published two codi-
cils as modifications and parts thereof. In 1869 she
added a third codicil. In a short time after the
execution of the last codicil she died at the residence
of her husband, in Maury county. Her husband
was nominated as her executor, and he presented the
will and codicils to the county court of Maury county
for probate.

Martha J. Bartee and Michael M. Harris, the latter
her adopted daughter, both claiming to be heirs-at-law
and distributees of her estate, contested the validity
of the will and codicils in an issue of *devastavit vel*
*non* in the circuit court of that county. After pro-
tracted litigation, the will and codicils were established.

The husband of the testatrix declined to qualify
as executor, and the complainant, Thompson, took out
letters of administration *cum testamento annexo*.

In the original will of Mrs. Thompson, Miss Michael
M. Harris was given a house and lot in Nashville,
and some personal property. In one of the codicils

the devise of the house and lot was revoked, and a specific legacy was given to her. During her contestation of the will of Mrs. Thompson, she married the defendant, John M. Gaut, and died testate. By her will her husband was given all her estate, and was nominated as her executor.

By the eighth clause of the will of Mrs. Thompson, her executor was directed to sell all of her estate, not specifically devised and bequeathed, and convert the same into money, out of which he was directed to pay the moneyed legacies given in the will, if enough for that purpose, and if not sufficient to pay them all in full, he was to pay them ratably in proportion to their respective amounts, and after retaining a specified compensation for himself, and paying debts and legacies, if there was a balance on hand, he was directed to pay the same ratably to the parties to whom bequests had been made, except Michael M. Harris and Albert W. Harris, to whom she had given liberally in previous parts of her will. The said clause also contains the following provision: "If any of the parties to whom I have made bequests attempt to break my will, they shall forfeit the bequests made to them."

The bill in this cause was filed by the administrator, with the will annexed, in the chancery court of Maury county for a construction of the will and codicils, and to have the aid and orders of the court in the execution of the same. All proper parties were made defendants. The special parts of the will and codicils sought to be construed, in so far as the

contest here involves them, were whether the devise of the house and lot in Nashville to Michael M. Harris was revoked by the codicil, and if so, whether it was disposed of under the general residuary clause of the will, or the testatrix died intestate as to this property; and secondly, whether or not Michael M. Harris forfeited all her interests under the will by contesting its validity.

The chancellor construed the will and codicils generally, gave directions to the administrator, and decreed that the devise of the house and lot to Miss Harris was revoked by the codicil; that this property was disposed of in the residuary clause, and that therefore Mrs. Thompson did not die intestate as to it, and also that Miss Harris forfeited all rights under the will by contesting its validity.

From this point of the decree defendant, Gaut, the husband of Miss Harris, and her executor, and sole devisee and legatee under her will, appealed to this court. The Referees have reported in favor of affirming the decree of the chancellor, and he has excepted.

It is true that the codicil revoking the devise of the house and lot in question uses the word "bequest" instead of "devise." But it is obvious from the will and codicils taken together that the testatrix did not use these terms in their technical sense, and that she used the word "bequest" in this connection as synonymous with "devise." It is a fundamental rule of interpretation, as applied to wills, to ascertain the intention of the maker, and carry it out, unless prevented by the intervention of public policy or some

positive rule of law; and where the intention, viewing the whole instrument all together, is manifest, technical words, taken in their technical sense, as contradistinguished from their popular meaning, will not be allowed to defeat it.

It is also clear from the will and codicils, taken together, that the testatrix did not intend to die intestate as to any of her property, for she directed that all of her property, not specifically disposed of in her will, should be sold, and the proceeds applied as pointed out. It is next insisted by the appellant that the forfeiture clause of the will is null and void, because contrary to public policy and the positive provisions of our Constitution. We do not think so.

There is but one adjudicated case on this point in America that has been called to our attention, or that we have been able to find, and that fully sustains the validity of such a condition annexed to a gift or devise: *Bradford* v. *Bradford*, 18 Ohio, 546.

Mr. Redfield, a learned author and jurist, in his treatise on Wills, after commenting on the question and the English rule, gives it as his opinion that a condition forfeiting an interest under a will upon its contest in the courts is reasonable, and will be upheld by the courts in America: 2 Redfield on Wills, 679.

This condition annexed to a devise of real estate is upheld in England: 2 Jarman on Wills, vol. 2, sec. 682.

The courts of that country, however, have held that such a condition as to a gift of personalty in-

valid, unless there was a specific gift over of the personalty where there was probable cause for the contest: Jarman on Wills, *Ibid.*

We see no sound reason for maintaining any distinction in this country between personal and real property as to a condition of this character. We, therefore, hold that Miss Harris, afterwards Mrs. Gaut, forfeited all rights under the will of Mrs. Thompson by contesting its validity. In this view of the case it is needless to discuss the principle urged by counsel of appellant, and stated in *Colt* v. *Colt,* 32 Conn. Rep., 422, to the effect that a bequest once made will not be considered as revoked unless no other construction can fairly be put upon the language, and that the share of a legatee in the residuum of the property of the testator or testatrix will not be lost by the revocation of a specific legacy in his or her property. For if Miss Harris contested the will in this case, she was to forfeit all bequests made to her, and if this condition be valid, she lost all interest under the will, whether given by specific bequest or in the residuary clause. The exceptions to the report of the Referees are set aside, and it and the decree of the chancellor will be affirmed with costs.