THE SOUTH NORWALK TRUST COMPANY, EXECUTOR AND TRUSTEE, *vs.* MARY D. ST. JOHN ET ALS.

Third Judicial District, New Haven, June Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Upon an appeal from probate alleging testamentary incapacity, the sole statutory issue before the Superior Court is the validity of the written instrument purporting to be a will, and not its interpretation or construction.

While provisions for the forfeiture of legacies if the legatee attacks the validity of the will, are sustained without any exception in many of the States, the rule in this and some other jurisdictions is, that a

South Norwalk Trust Co. *v.* St. John.

will-contest made by a legatee in good faith and for reasonable cause, will not work a forfeiture of his legacy. This rule rests upon a sound public policy, in that it tends to disclose the truth and thereby advance the cause of justice, and thus helps to secure a devolution of property in accord with both statutory and common law.

Having created a trust fund for the benefit of his children, eight in number, a testator provided that if any one of them should contest the probate or operation of his will, the provision in behalf of such beneficiary should be null and void, and the amount thus forfeited should enure to the benefit of the others. *Held:*—

1. That the forfeiture clause was valid and enforceable although there was no gift over.

2. That an appeal from probate taken by all the children upon the alleged ground of a lack of testamentary capacity in the testator, constituted a violation of this clause of his will, and in the absence of any finding of the existence of a reasonable cause or ground for such a contest, worked a forfeiture of all their rights under the will, notwithstanding their stipulation in the Superior Court to confine the issue to the question of whether or not the trust in their behalf was in violation of the law against perpetuities.

3. That the law would not permit the clearly expressed intent of the testator to be nullified by the waiver or consent of his beneficiaries.

A suit to determine the legal construction of a will is not a breach of the ordinary forfeiture clause, since its object is not to render the will void but to ascertain its true meaning.

Submitted on briefs June 12th—decided October 4th, 1917.

SUIT to determine the validity and construction of the will of Oscar St. John of Norwalk, deceased, brought to and reserved by the Superior Court in Fairfield County, *Curtis, J.*, upon an agreed finding of facts, for the advice of this court.

Oscar St. John, late of Norwalk, died September 4th, 1912, possessed of both real and personal estate. He left a will which was duly probated, in which the plaintiff was named as executor and trustee. The estate has been settled. The plaintiff qualified as trustee and there remains in its hands as such trustee certain real and personal property.

The testator left a widow, Mary D. St. John, who died February 1st, 1917, subsequent to this action, and

eight children, his only heirs at law, who are now living. Several of these children have minor children, who, with said eight children, are made parties. Mrs. St. John's death has been suggested upon the record, and the administrator of her estate has entered an appearance.

The Court of Probate admitted to probate the will of Mr. St. John, and all of the eight children appealed from this order and decree. On that appeal no evidence was submitted to the Superior Court, the parties to the appeal stipulating that the only questions to be determined were whether or not the whole or any part of section seven of the will was void under the law against perpetuities, and whether the gift therein of the income to the children of the testator, without limitation, passed an absolute estate in the property in question to such children.

The will of Mr. St. John gave to his wife all the personal property and effects in his homestead, and provided that she should have the use and enjoyment of the homestead free of rent and all other charges until it should be sold. It directed the executor to sell this real estate as soon as such sale could be advantageously made. The proceeds of this sale as designated in paragraph second, and of certain personal property specifically designated in paragraphs fourth and fifth, and all the rest, residue and remainder of the testator's estate, were then given to the plaintiff in trust. By the terms of the trust, defined in the seventh paragraph, the trustee was directed to pay to the testator's wife during her life, in full of all dower and rights she might have in his estate, certain sums of money in quarterly payments. This direction was supplemented by the following: "And after the decease of my said wife, to pay the net income from my trust estate equally to my children [names given], annually, and to their heirs forever, free from the control of the husband of any of

South Norwalk Trust Co. *v.* St. John.

my said children; and if any of my said children should die without leaving lawful issue, then and in such event, I direct that the share of such child so dying, in and to the income from my said trust estate, shall be distributed among and paid to my surviving children and their heirs, in equal proportions; the heirs of any child so dying to take the share which their parent would have been entitled to receive if living."

The eighth paragraph of the will was as follows: "To the end that there may be no wasting of my estate by litigation pertaining thereto, I hereby declare and it is my will, that any provision made herein in favor of my wife and of any of my children, shall, as to my said wife or as to such children, be null and void in the event of any one of them presenting any claim against my estate, or in any way contesting the probate or operation of this my will, or in any way seeking to set aside or annulling this my said will; and in such event, the provision for the payment of income to my said wife, or for the payment of income to such child, as the case may be, by this paragraph of my said will made null and void, shall be held by my said trustee for the benefit of the remaining beneficiaries under this will, and increase their several shares in like proportion as to income as is herein provided."

Judgment was rendered in the Superior Court affirming the action of the Court of Probate and refusing to pass upon the questions of construction.

The questions upon which advice is desired are the following:—

"a. Whether any legal effect can be given to any part of the fourth, fifth and seventh paragraphs of said will, and if so, what, and whether or not all or any part of said sections are or are not void; and whether any portion of the purposes contemplated by said sections can be made legally operative?

"b. Whether the trusts made or which it was contemplated or attempted to be made or to make in said sections are valid, legal and operative, and capable of being carried out in any legal manner, and if so, how; and whether the trust estates created thereby, or which it was attempted to create, are now valid and subsisting estates, and whether the provisions for accumulation therein contained are legal and valid provisions; and if not, whether the other provisions of said sections are thereby rendered inoperative and void.

"c. Whether the provisions of said sections suspend the power of alienation for more than two lives, either actually or by possibility; and whether if said power of alienation be suspended for more than two lives, the trusts, which the testator sought to create, are thereby rendered inoperative and void?

"d. Whether the trusts, which it was sought to create by said sections, are or are not void for uncertainty, indefiniteness and a failure of the object of the testator's bounty?

"e. Whether or not the defendants or any of them, and if so, who, have violated the eighth paragraph of said will, by contesting the probate or operation of said will, or have sought to set aside or annul said will, and, if so, whether or not the provisions in said will in favor of such defendants are null and void; and whether or not such defendants have forfeited their right, title, interest and claim in and to said estate by violating said paragraph eight, and, if so, to whom the estate of said deceased, and the income therefrom, should be paid?"

*Joseph R. Taylor*, for the plaintiff.

*John H. Light* and *Freeman Light*, for Bertha E. St. John *et als.*

*Thomas C. Coughlin*, for Clifford M. St. John *et als.*

*William F. Tammany*, for Oscar B. St. John, Administrator.

WHEELER, J. One of the questions submitted for our advice is whether or not the children of the testator have forfeited their claim to the estate by having violated paragraph eighth, and if so, to whom the estate and the income should be paid.

If the eighth paragraph be valid and literally interpreted, and the children have violated it, they have forfeited their claim to any part of this estate. The consideration of this question should precede all other questions, for, if the children have forfeited their claim to this estate, consideration of other questions under the will, so far as they are concerned, is academic.

The appeal from the Court of Probate took up to the Superior Court the special statutory issue, whether the will was a valid will. That was the sole issue of the appeal. *St. Leger's Appeal*, 34 Conn. 434, 447. The parties subsequently, in a very apparent attempt to avoid the consequences of having contested the will, stipulated that the only question to be determined upon the appeal was as to the construction of paragraph seven. Counsel for the Trust Company, in his brief, persists in assuming the existence of this wholly artificial position, but the counsel for the children frankly admit the real situation in their brief when they say: "The widow and all of the children joined in an appeal from the order and decree of the Court of Probate for the district of Norwalk admitting the will to probate, on the ground that the testator was of unsound mind when the will was made and executed; but they afterward came to feel such a dread of the consequences which would follow from legally establishing the mental incapacity of the testator, that they instructed counsel not to pursue that feature of the

case, and, instead, to have the court determine the legality of the trust created by the will."

Two things are to be noted about this statement: (1) It is an inaccuracy to state that the widow joined in this appeal. (2) Counsel seek to bring the case within one of the exceptions, which some jurisdictions sustain, to the general rule supporting forfeiture clauses of the character of that in this will, by assuming that there exists *probabalis causa litigandi*.

The appeal was an attack upon the validity of the will, and the subsequent effort of the children to conceal this purpose must fail. The children, by their appeal, engaged in an act which the testator attempted to penalize by prescribing a forfeiture of the interest given them by his will. Substantially all authorities agree that a testator may in some cases impose upon a legatee a condition forfeiting his legacy if he contest the validity of the will. Counsel for the children concede this, for they say in their briefs: "While the validity of such condition is generally recognized, the exceptions to its operations have intrenched upon its effectiveness."

In England, the action to secure a legacy could be had in the ecclesiastical courts, where the rule of the civil law prevailed, in which a fiction had been adopted that, unless there was a gift over of such a legacy, no forfeiture would be decreed. The English court of equity accepted this rule, and enforced it as to legacies of personal property, but not as to devises of land. It was early pointed out by American text-writers and jurists that there was no substantial ground for any distinction in this respect between real and personal estate, and that the exception was purely an artificial one, and unsupported by any adequate reason. Some few of the American courts have adopted the English view, although in some instances recognizing that the

exception is not based on any satisfactory reason. *Fifield* v. *Van Wyck*, 94 Va. 557, 563, 27 S. E. 446; *Friend's Estate*, 209 Pa. St. 442, 446, 58 Atl. 853; *Matter of Arrowsmith*, 162 N. Y. App. Div. 623, 628, 147 N. Y. Supp. 1016. The great majority of the American courts have repudiated this exception. *Bradford* v. *Bradford*, 19 Ohio St. 546, 547; *Moran* v. *Moran*, 144 Iowa, 451, 462, 123 N. W. 202; *Thompson* v. *Gaut*, 14 Lea (82 Tenn.) 310, 315; *Estate of Hite*, 155 Cal. 436, 445, 101 Pac. 443; *Donegan* v. *Wade*, 70 Ala. 501; *Hoit* v. *Hoit*, 42 N. J. Eq. 388, 7 Atl. 856; *Massie* v. *Massie*, 54 Tex. Civ. App. 617, 118 S. W. 219; *Smithsonian Institution* v. *Meech*, 169 U. S. 398, 413, 18 Sup. Ct. 396. Most of these authorities support a condition of forfeiture without recognizing any exception. Their underlying principle is, that since the testator may attach any condition to his gift which is not violative of law or public policy, the legatee must either take the gift with its conditions or reject it. The disposition of these authorities has been to sustain forfeiture clauses as a method of preventing will contests, which so often breed family antagonisms and expose family secrets better left untold, and result in a waste of estates through expensive and long drawn-out litigation.

The children suggest the possible approval of this exception, based on the failure to provide for a gift over, but the trustee omits reference to it. The trustee relies upon the appeal having been one to secure the construction of the will, rather than one to contest its validity. And both trustee and children unite in urging upon us, as an exception to the rule of forefeiture, the exception that if reasonable cause exist for the contest, a forfeiture will not be decreed. And they further urge that a forfeiture has been waived by them through their acquiescence in the execution of the will.

One of the claimed exceptions to the general rule of

forfeiture is not an exception. If the action of a legatee is merely one to determine the true construction of the will, or of any of its parts, the action could not be held to breach the ordinary forfeiture clause, for the object of the action is not to make void the will, or any of its parts, but to ascertain its true legal meaning. *Black* v. *Herring*, 79 Md. 146, 152, 28 Atl. 1063; 1 Schouler on Wills (5th Ed.) § 605. The appeal taken from the decree of the Court of Probate did not, as we have before pointed out, raise the question of the construction of this will.

The exception that a contest for which there is a reasonable ground will not work a forfeiture, stands upon better ground. It is quite likely true that the authorities of greater number refuse to accept this exception, but we think it has behind it the better reason. It rests upon a sound public policy. The law prescribes who may make a will and how it shall be made; that it must be executed in a named mode, by a person having testamentary capacity and acting freely, and not under undue influence. The law is vitally interested in having property transmitted by will under these conditions, and none others. Courts cannot know whether a will, good on its face, was made in conformity to statutory requirements, whether the testator was of sound mind, and whether the will was the product of undue influence, unless these matters are presented in court; and those only who have an interest in the will, will have the disposition to lay the facts before the court. If they are forced to remain silent, upon penalty of forfeiture of a legacy or devise given them by the will, the court will be prevented by the command of the testator from ascertaining the truth; and the devolution of property will be had in a manner against both statutory and common law. Courts exist to ascertain the truth and to apply the law to it in any given situa-

tion; and a right of devolution which enables a testator to shut the door of truth and prevent the observance of the law, is a mistaken public policy. If, on contest, the will would have been held invalid, the literal interpretation of the forfeiture provision has suppressed the truth and impeded the true course of justice. If the will should be held valid, no harm has been done through the contest, except the delay and the attendant expense.

Where the contest has not been made in good faith, and upon probable cause and reasonable justification, the forfeiture should be given full operative effect. Where the contrary appears, the legatee ought not to forfeit his legacy. He has been engaged in helping the court to ascertain whether the instrument purporting to be the will of the testator is such. The contest will not defeat the valid will, but it may, as it ought, the invalid will. The effect of broadly interpreting a forfeiture clause as barring all contests on penalty of forfeiture, whether made on probable cause or not, will furnish those who would profit by a will procured by undue influence, or made by one lacking testamentary capacity, with a helpful cover for their wrongful designs.

The practical difficulties following this exception are more apparent than real. Contests will be made only in causes where they are justified. Doubtful cases will not invite a forfeiture. There will be no more burden put upon the court in finding the fact of probable cause than in finding similar facts in other classes of cases. Schouler on Wills (5th Ed., Vol. 1) § 605, states his view upon this subject thus: "To exclude all contest of the probate on reasonable ground that the testator was insane or unduly influenced when he made it, is to intrench fraud and coercion more securely; and public policy should not concede that a

legatee, no matter what ground of litigation existed, must forfeit his legacy if the will is finally admitted." *Estate of Hite,* 155 Cal. 436, 101 Pac. 443; *Friend's Estate,* 209 Pa. St. 442, 444, 58 Atl. 853; *Jackson* v. *Westerfield,* 61 How. Pr. (N. Y.) 399; *In re Kathan's Will,* 141 N. Y. Supp. 705, 710; *Smithsonian Institution* v. *Meech,* 169 U. S. 398, 413, 18 Sup. Ct. 396; *Cooke* v. *Turner,* 14 Simons, 493; *Morris* v. *Burroughs,* 1 Atk. 399, 404.

The facts of record are silent as to whether this contest was begun in good faith, and whether there was probable cause and reasonable justification. The stipulated facts do not bring the case within this exception.

These beneficiaries say that they are the only persons who could claim a forfeiture, and as they are all in court, requesting a division of the property in pursuance of the provisions of the will, they must be held to have waived the right to claim a forfeiture, and to have acquiesced in the execution of the will as a valid will. The court has before it a will providing for a forfeiture, and facts showing the existence of the forfeiture. Under those conditions, the court could not permit the testator's expressed will to be rendered nugatory by the consent of his beneficiaries. Its duty is to see that the testator's intention is consummated. The clause of forfeiture is one beneficiaries cannot waive. They may waive a known right of their own. They cannot waive a right which was exclusively the testator's, and one which he made a condition of his bounty and a guide to the devolution of his estate. Let us suppose that only one of six beneficiaries had forfeited his right to a bequest. Could all the other beneficiaries waive the forfeiture? Could an executor or a trustee refuse to present the facts of waiver before the court? And is it not his duty to insist upon the forfeit-

ure, and thus to carry out the will of the testator? We find no authority which supports the claim of waiver of this forfeiture except *Williams* v. *Williams,* 15 Lea (83 Tenn.) 438, 454. Authority upon the point is limited, but against this view. Agreements by beneficiaries cannot validate a void trust. 2 Schouler on Wills (5th Ed.) § 1072; *Dresser* v. *Travis,* 39 Misc. (N. Y.) 358, 79 N. Y. Supp. 924. It is a well-recognized rule of law that contracts between devisees and legatees are not enforceable, when made with the apparent purpose of thwarting the testator's desires. *Mercier* v. *Mercier,* 50 Ga. 546; *Cuthbert* v. *Chauvet,* 136 N. Y. 326, 332, 32 N. E. 1088. This condition of forfeiture is not made for the benefit of the other beneficiaries, but to carry out the wishes of the testator. It is totally apart from a condition subsequent for the benefit of a third party, as where a will bequeathed land to a testator's heirs on condition that they pay for certain improvements to the heirs of S. The latter could waive the payment, for it was for their benefit. Such a waiver does not defeat the testator's will. *Hill* v. *Gianelli,* 221 Ill. 286, 77 N. E. 458.

The Superior Court is advised that said eight children, by contesting the probate of the will of Oscar St. John, have forfeited all rights under his will, and that the property in plaintiff's hands is intestate estate.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.