IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2007

## ESTATE OF HENRY ATLAS QUALLS
## AMOS E. QUALLS v. H. J. Q. KLUTTS, EXECUTRIX

**Appeal from the Probate Court for Perry County**
**No. PB-325      Timothy L. Easter, Judge**

**No. M2006-02776-COA-R3-CV - Filed January 9, 2008**

This is the second appeal by the appellant who again has asked this court to review the Probate Court of Perry County's denial of his petition. In that petition, the appellant contested the manner in which the Executrix of his late father's estate administered the estate. We have determined the issue is *res judicata* and thereby affirm the trial court. We have also determined the appeal is devoid of merit and, therefore, the Executrix is entitled to recover her reasonable expenses incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Amos E. Qualls, Fayetteville, Tennessee, Pro Se.

Kimberly M. Hinson, Linden, Tennessee, and Larry Joe Hinson, Hohenwald, Tennessee, for the appellee, H. J. Q. Klutts, Executrix.

### OPINION

This is the second appeal by Amos E. Qualls from an adverse ruling by the probate court concerning the administration of his late father's estate. The petition in the Probate Court of Perry County filed by Mr. Qualls ("the petitioner") contested the manner in which his sister, the Executrix of his late father's estate, administered the estate. The petitioner challenged his sister's administration of the estate and sought to recover property he contended the Executrix was unlawfully withholding.

The probate court denied the petition and approved the Executrix's final accounting, which decisions the petitioner appealed to this court. We affirmed the decision of the probate court in 2005 and remanded the matter. Being dissatisfied with the decision of this court, the petitioner filed an Application for Permission to Appeal to the Supreme Court of Tennessee, which was considered and denied by the Court on December 27, 2005. Being dissatisfied with that result, the petitioner then filed a "Motion to Reconsider" which was denied on January 26, 2006. Thereafter he filed an

"Application for Permission to Appeal," which was denied by the Supreme Court on January 30, 2006. The petitioner filed yet another "Petition to Reconsider," which was denied by the Supreme Court on March 29, 2006. Following the Supreme Court's fourth denial of the petitioner's applications for relief, the case was remanded to the Probate Court of Perry County. On remand, the petitioner filed a "Motion for Immediate Bench Trial" seeking to re-try the issues previously determined by the probate court and this court. That motion was denied by the probate court. This appeal followed.

In this appeal the petitioner raises the issue of whether the trial court erred in denying the petitioner's Motion for Immediate Bench Trial. The answer to the question presented is "no," the trial court did not err in denying the motion because the issues the petitioner sought to litigate were *res judicata*.

## ANALYSIS

In the first appeal by the petitioner, he filed with this court a Statement of the Evidence pursuant to Tenn. R. App. P. 24(c) in lieu of a verbatim transcript of the testimony. After the Appellee, the Executrix, objected to the petitioner's Statement of the Evidence, the probate court ruled that the petitioner's statement of the evidence was inaccurate and incomplete. We subsequently determined that without a sufficient record, we could not adequately review the decision of the probate court to dismiss the petition, and, for that reason, we affirmed the decision of the probate court.

Our decision was appealed to the Supreme Court of Tennessee. That court denied the appeal, thereby affirming our decision, wherein we had affirmed the decision of the Probate Court of Perry County. Thus, the matter was remanded to the probate court for further proceedings consistent with our opinion. Unfortunately, the petitioner has misconstrued our decision and the significance of the decision of the Supreme Court in this matter. For a better understanding of the matter, we will conduct a summary review of what has previously occurred in this matter.

The petitioner's father, Henry Atlas Qualls ("Decedent") died a resident of Perry County, Tennessee, on May 18, 2000. The Decedent was predeceased by his wife and was survived by their three children: Henrietta Qualls Klutts ("Executrix"), Jerry Franklin Qualls, and Amos Eugene Qualls ("the petitioner"). The Decedent executed his Last Will and Testament on August 5, 1998, wherein he appointed his daughter as the Executrix of his estate. Significantly, the will also contained an *in terrorem* clause, which states:

> Every heir, legatee, devisee, or beneficiary under this Will who shall contest in any court any provision of this instrument shall not be entitled to any devises, legacies, or benefits under this Will or any codicil hereto or any trust created hereby, and any and all devises, legacies, and portions of the income or corpus of my estate, otherwise provided to be paid to such person, shall lapse and shall be paid, distributed and passed as though such person had died prior to my death leaving no living lawful descendants. My Executrix herein named are specifically authorized to

defend at the expense of my estate any consent or attack of any nature upon this Will or any codicil hereto, or upon any paragraph or provision hereto.

The will of the Decedent also provided that his real property would go to the Executrix,[1] and any money or securities held by the Decedent would be divided in equal shares among his three children. As for his personal property, the Decedent's will directed as follows:

I hereby direct that all my personal property shall be disposed of as follows:

(A) I first direct that so much of my personal property that consists of Indian relics, carvings, and art works that I have created shall be divided in the following manner:

> Each of my children shall, in turn, (starting first with Amos Eugene Qualls, then second with Jerry Franklin Qualls, and third with Henrietta Joy Klutts) pick an item, and continue in turns picking one item at a time until each of them shall have chosen as many items as they desire: provided however that if there are any items in this category remaining after each shall have had as many opportunities as possible, or they desire, then the devise of such remaining items shall lapse and become a part of the residue of my estate. (It is my wish, although not an absolute direction, that the Indian relics, so far as possible be kept together as a whole collection and not sold at any auction or sale that my [sic] be part of the administration of my estate.)

(B) I direct secondly, that so much of my personal property that consists of items that were given to myself and my late wife as gifts from my children, Amos Eugene Qualls, Jerry Franklin Qualls, and Henrietta Joy Klutts, shall be distributed to the child which gave such item as a gift in the first instance.

(C) Thirdly I direct that such items of personalty as remain after the devise and distribution shall become part of the residue of my estate and disposed of as hereinafter described.

Section XII of the will, titled Residuary Estate, directed that "all items of personal property which shall become a part of residuary estate shall be sold at auction and the net proceeds of such sale shall be given, in equal shares, to my children, Amos Eugene Qualls and Jerry Franklin Qualls," and that the remainder of the residuary estate "shall be distributed in equal shares to my children, Amos Eugene Qualls, Jerry Franklin Qualls, and Henrietta Joy Klutts."

---

[1] On March 18, 2000, the Decedent executed a quitclaim deed conveying his real property to Executrix and reserving in himself a life estate.

The Executrix timely filed a petition in the Probate Court of Perry County seeking to admit the will to probate. The petition was granted and the Executrix proceeded to administer the estate. The Decedent's children apparently participated in the selection of personal property in accordance with the will. Thereafter, in August of 2002, the Executrix conducted a public sale auctioning the remaining personal property. The sale produced $3,912.41 for the estate.

Subsequently, the Executrix filed a proposed final accounting, which was met by the petitioner's motion to reject the Executrix's final accounting. The petitioner then submitted a supplemental filing to the chancery court setting forth a history of animosity with the Executrix, his sister, and accusations that the Executrix had failed to properly distribute the personal property.

After conducting a hearing on the petition, the Chancellor dismissed the petition by order entered May 12, 2003, and approved the final accounting that had been submitted by the Executrix. On June 11, 2003, the petitioner filed a petition for reconsideration, which the Chancellor summarily denied. Thereafter, the petitioner filed the first of his appeals to this court, asking this court to review the Chancellor's May 12, 2003 order.

The first appeal filed by the petitioner set forth in excess of thirty issues. As this court noted in our first opinion,

> Mr. Qualls concedes the futility of this approach by making the following statement in his brief:
>
>> As a practical matter, the court is not expected to take the necessary time to rule on all those issues listed here on an individual basis. [Appellant] would be happy to receive the remedies requested-and prays that the court rule in his favor. Maybe some of the issues can be combined and dealt with in a more general manner, rather than with specificity as set forth here, or maybe the court could choose which issues are most significant to rule on.

*Qualls v. Klutts*, No. M2003-01850-COA-R3-CV, 2005 WL 1887121, at *3 (Tenn. Ct. App. Aug. 9, 2005).

After reviewing the plethora of issues raised, the court determined "the single issue for this Court's resolution can be stated as follows: whether the trial court erred in dismissing the Appellant's petition contesting the Appellee's final accounting and manner of administering the estate. For the following reasons, we must affirm the trial court's decision." *Id.* at *4. In our analysis set forth in the opinion following the first appeal we noted:

> After evaluating the Appellant's statement of the evidence, the trial court entered an order noting that, while it did contain some of the evidence produced at the hearing, it also included the Appellant's unsworn comments and personal observations and omitted the testimony of the Appellee offered under direct examination. The trial court noted in its order of February 24, 2004, that the Appellee testified that some of

-4-

the items of personal property requested by the Appellant were either stolen or had been given to her by the Decedent or her mother prior to their deaths. Otherwise, she denied withholding the other items requested by the Appellant. The trial court found the Appellee's testimony to be truthful, and we find nothing in the limited record to subvert this finding. *See Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999) ( "[A]ppellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary.").

*Qualls*, 2005 WL 1887121, at *4. In the analysis the court went on to note:

The Appellant utilizes a significant portion of his brief to argue that the trial court erred in applying the *in terrorem* clause in the Decedent's will to his petition. Our Supreme Court has previously ruled as follows:

This Court has recognized that a forfeiture provision in a will is not void as against public policy. *Tate v. Camp*, 147 Tenn. 137, 149, 245 S.W. 839, 842 (1922); *Thompson v. Gaut*, 82 Tenn. 310, 314 (1884). However, it has been the rule since *Tate v. Camp*, that a forfeiture provision will not be enforced where a contest is pursued "in good faith and upon probable cause." After considering decisions from other jurisdictions, the Court in *Tate v. Camp* approved the following from *South Norwalk Trust Co. v. St. John,* 92 Conn. 168, 101 A. 961, 963 (1917), "'Where the contest has not been made in good faith, and upon probable cause and reasonable justification, the forfeiture should be given full operative effect. Where the contrary appears, the legatee ought not to forfeit his legacy.'" *Tate v. Camp*, 147 Tenn. at 155-56, 245 S.W. at 844.

*Winningham v. Winningham*, 966 S.W.2d 48, 51 (Tenn. 1998). We cannot determine if the Appellant's petition was filed in good faith and upon probable cause because our ability to review the facts necessary to making such determination is hampered by an incomplete and inaccurate statement of the evidence. Likewise, even if we were inclined to address each and every issue presented by the Appellant in his brief, the state of the record prevents an adequate review of those issues as well.

*Qualls*, 2005 WL 1887121 at *5. From there, the court concluded that "without a statement of the evidence which accurately reflects the evidence presented to the trial court, we must presume that the record, had it been accurately presented to this Court, would contain sufficient evidence to support the trial court's decision." *Id.* For the foregoing reasons, the court, in the first appeal, affirmed the probate court's decision to dismiss the petition, and remanded with costs of the appeal taxed to the petitioner. *Id.*

In this, the second appeal of the same action, the petitioner raises the issue of "whether the trial court erred in denying [the petitioner's] 'Motion for Immediate Bench Trial.'" The answer to the question presented is "no," the trial court did not err in denying the motion.

-5-

The single issue in the first appeal was whether the trial court erred in dismissing the petitioner's petition contesting the Executrix's final accounting and manner of administering the estate. In that appeal, this court affirmed the probate court's decision to deny the petitioner's original petition. By making the motion following remand of the case to the probate court, the petitioner was seeking a trial on the merits of the underlying petition as though it had not yet been decided. It, however, had been decided by the probate court, which decision was affirmed by this court. Moreover, when the petitioner sought further review by the Tennessee Supreme Court, that court declined the petition. As a consequence, the original decision of the probate court was affirmed in all respects and the issue was no longer subject to trial on the merits. For these reasons, we again affirm the probate court; this time affirming its decision to deny the petitioner's motion for another bench trial of the issue that is, and has been, *res judicata*.

Having addressed the dispositive issue on appeal,[2] we now consider whether this appeal is frivolous, as the Executrix contends. A frivolous appeal is one that has no reasonable chance of success. *Lovelace v. Owens-Illinois, Inc.*, 632 S.W.2d 553, 555 (Tenn. 1982). A frivolous appeal is one that is "devoid of merit," or one in which there is "little prospect that the appeal can ever succeed." *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (citing *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

Our Supreme Court has stated that successful litigants should not have to bear the expense of groundless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). The Tennessee General Assembly has also taken a stand on the issue by proclaiming:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may . . . award just damages against the appellant, which may include, but need not be limited to, costs . . . and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

A frivolous appeal is one that is devoid of merit, and we have determined that this appeal is certainly devoid of merit. Therefore, the Executrix is entitled to recover her reasonable expenses incurred on appeal.

### IN CONCLUSION

The judgment of the probate court is affirmed in all respects, and this cause is remanded to the trial court for a determination as to the damages due pursuant to the provisions of Tenn. Code Ann. § 27-1-122. Costs of this appeal are taxed to the petitioner, Amos Eugene Qualls, for which execution may issue if necessary.

---

[2]The petitioner raised two additional issues on appeal. There is, however, no factual basis to support the issues raised. Thus, we decline to conduct an analysis of the wholly unsupported issues.

_____
FRANK G. CLEMENT, JR., JUDGE